# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00315-MR

| | |
|---|---|
| MC1 HEALTHCARE LLC, d/b/a MOUNTAINSIDE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MOUNTAINSIDE SOLUTIONS, INC. )<br>n/k/a MOUNTAINVIEW RECOVERY, )<br>INC., and MICHAEL E. ELKINS, )<br>)<br>Defendants. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendant Michael E. Elkins' Motion to Dismiss [Doc. 47], the Plaintiff's Motion to Amend Complaint [Doc. 52], and the Plaintiff's Motion to Dismiss Defendants' Counterclaims [Doc. 54].

## I.  PROCEDURAL BACKGROUND

The Plaintiff MC1 Healthcare, LLC, doing business as Mountainside ("Plaintiff"), initiated this action in the United States District Court for the Southern District of New York on August 1, 2018, against Defendants Mountainside Solutions, Inc., now known as Mountainview Recovery, Inc., ("Defendant Mountainview") and Michael E. Elkins (Defendant Elkins)

(collectively, "Defendants") alleging trademark infringement, cybersquatting, and unfair competition. [Docs. 1, 6].[1]

On August 27, 2018, the Defendants filed a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. [Doc. 14]. In response, the Plaintiff filed a motion to transfer the action to the United States District Court for the Western District of North Carolina. [Doc. 24]. In turn, the Defendants filed a motion for attorneys' fees and costs, on the basis of having to file a motion to dismiss. [Doc. 29]. On October 25, 2018, the New York Federal Court granted the Plaintiff's motion to transfer, denied the Defendants' motions, and transferred the action to this Court on November 1, 2018. [See Text Orders dated October 25, 2018; Docs. 36, 37].

On November 15, 2018, Defendant Mountainview filed an Answer to the Complaint and Counterclaims against the Plaintiff seeking the cancellation of Plaintiff's federal trademark registration. [Doc. 46]. On the same day, Defendant Elkins filed the present motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 47]. Thereafter, the Plaintiff filed the present motions to amend the

---

[1] The Complaint was refiled on August 2, 2018, due to various deficiencies in the initial filing. [See Docket Entries dated August 2, 2018].

Complaint and to dismiss the Defendant Mountainview's Counterclaims pursuant to Rule 12(b)(6). [Docs. 52, 54].[2]

## II. FACTUAL BACKGROUND

According to the Complaint, Plaintiff is a limited liability company with its principal place of business in Canaan, Connecticut. [Doc. 6 at ¶ 5]. The Plaintiff operates a drug and alcohol addiction treatment center with facilities in Connecticut and New York. [Id. at ¶ 8]. The Defendant Mountainview is a corporation organized under the laws of the State of North Carolina with a business address in Weaverville, North Carolina. [Id. at ¶ 6]. Defendant Mountainview operates a drug and alcohol recovery facility in North Carolina. [Id. at ¶ 19]. Defendant Elkins is the president of Defendant Mountainview and "controlled, directed, and was the moving force behind the wrongful activities of [Defendant] Mountainview." [Id. at ¶ 7].

On May 23, 2017, the Plaintiff obtained a federal trademark registration, Registration No. 5208592, for "MOUNTAINSIDE" in connection with services for "rehabilitation of drug addicted patients," which is currently valid and registered on the Principal Trademark Register of the United States Patent and Trademark Office. [Id. at ¶¶ 14-15]. The Plaintiff also alleges that

---

[2] While the Plaintiff's motion is entitled "Plaintiff's Motion to Dismiss *Defendants'* Counterclaims," Mountainview is the only defendant asserting any counterclaims.

3

for decades it has used the name and mark "MOUNTAINSIDE" extensively in advertising and promotion in the United States. [Id. ¶¶ 16-17]. Plaintiff further alleges to have expended substantial time, effort, and money to ensure that members of the public associate the mark exclusively with Plaintiff and its treatment services. [Id. at ¶ 17].

Recently, Plaintiff discovered that Defendant Mountainview was operating a drug and alcohol addiction facility in North Carolina as "Mountainside Solutions." [Id. ¶ 19]. Plaintiff alleges that Defendant Mountainview intentionally selected and chose to incorporate into its name the term "MOUNTAINSIDE" in order to confuse consumers into believing that it was associated with the Plaintiff to gain immediate acceptance in the marketplace, to compete unfairly, and to trade off the goodwill and reputation established by Plaintiff's name and mark. [Id. at ¶ 21, 27]. The Plaintiff further alleges that the day after Defendant Mountainview was formed, Defendant Mountainview registered www.mountainsidesolutionsinc.com as a domain name without the permission or authorization of Plaintiff and with complete knowledge of Plaintiff's "MOUNTAINSIDE" name and mark. [Id. at ¶¶ 20, 22]. The Defendant Mountainview wholly incorporated the name and mark "MOUNTAINSIDE" in its name, trade name, domain name, and used a logo substantially similar to that used by Plaintiff. [Id. at ¶ 23]. Further, the

4

Defendant Mountainview also actively misrepresented being affiliated with the Plaintiff, causing people to inquire with the Plaintiff about a non-existent "new location" in North Carolina. [Id. at ¶ 25].

The Plaintiff, by a letter dated July 2, 2018, notified the Defendant Mountainview of the Plaintiff's intellectual property rights in its name, mark, and logo "MOUNTAINSIDE," and demanded transfer of the domain name, among other demands. [Id. at ¶ 29]. The Defendant Mountainview did not respond to Plaintiff's letter. [Id. at ¶ 30]. Thereafter, the Plaintiff learned that Defendant Mountainview changed its company name from "Mountainside Solutions, Inc.," to "Mountainview Recovery, Inc.," and appeared to have stopped using the domain name at issue. [Id. at ¶ 31, 32]. The Defendant Mountainview continues to offer the same addiction treatment services and operates a website with a domain name of www.mountainviewrecovery.com using a logo with the same image, color scheme, font, and style as its prior mark. [Id. at ¶¶ 32-33].

The Plaintiff alleges that both the Defendant Mountainview's prior use of the "MOUNTAINSIDE" mark and current use of the "MOUNTAINVIEW RECOVERY" mark infringe on Plaintiff's mark, as such marks are likely to cause confusion between the two respective drug and alcohol addiction treatment services. [Id. at ¶¶ 30-31].

The Defendant Elkins now moves to dismiss the Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for "lack of venue." [Doc. 47]. In response to the Defendant Elkins' Motion, the Plaintiff filed a Motion to Amend Complaint [Doc. 52], which the Defendant Mountainview partially opposes and the Defendant Elkins asserts is futile [Doc. 57]. In addition, the Plaintiff has also filed a Motion to Dismiss Defendants' Counterclaims [Doc. 54], which the Defendant Mountainview opposes. [Doc. 58].

Having been fully briefed by the parties, these motions are ripe for adjudication.

## III. STANDARD OF REVIEW

### A. Motion to Dismiss

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendant Elkins' Motion, the Court accepts the allegations in the Amended Complaint as true and construes them in the light most favorable to Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action,

and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 225; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Nor will mere labels and legal conclusions suffice. Id.

A complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is insufficient to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

## B. Motion for Leave to Amend

The disposition of a request to amend is within the discretion of the Court, but leave shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Motions to amend are "typically granted in the absence of an improper motive, such as undue delay, bad faith, or repeated failure to cure a deficiency by amendments previously allowed." Harless v. CSX Hotels, Inc., 389 F.3d 444, 447 (4th Cir. 2004). However, if a proposed amendment would be futile, the Court should deny the request. Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006).

## III. DISCUSSION

As originally filed, the Plaintiff's Complaint asserts only one allegation with respect to Defendant Elkins:

> Upon information and belief, Michael E. Elkins is the President of Mountainview and controlled, directed, and was the moving force behind the wrongful activities of Mountainview.

[Doc. 6 at ¶ 7]. This single allegation is plainly insufficient to allege any plausible claims against Defendant Elkins. Apparently recognizing this, the Plaintiff now seeks to amend its Complaint to assert additional factual allegations against Defendant Elkins, as well as assert a claim for unfair competition and unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1, et seq. ("Chapter 75"). [See Doc. 51-3]. The Defendants

oppose the Plaintiff's Motion as it relates to Defendant Elkins, but not as to the addition of the Chapter 75 claim. [Doc. 57 at 6].

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that, after the time period set forth in Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule further provides that leave to amend shall be freely given "when justice so requires." Id. Therefore, absent a showing of undue delay, bad faith, futility, or prejudice to the opposing party, a Court should grant a party leave to amend. See Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Upon consideration of the Plaintiff's Motion, the Court concludes that the proposed Amended Complaint would not result in undue delay or prejudice the Defendants. The present case is still in its infancy. Due to the pending Motion to Dismiss, the Defendant Elkins has not yet filed an Answer, the parties have not held the Initial Attorneys' Conference, and discovery has not yet commenced. Further, the proposed amendment does not appear to be futile or made in bad faith. Accordingly, the Court will grant the Plaintiff's Motion to Amend.

Turning to the remaining motions, as a general rule, "an amended pleading ordinarily supersedes the original and renders it of no legal effect."

Lujan v. Chowan Univ., No. 2:17-CV-57-FL, 2018 WL 3763121, at *3 (E.D.N.C. Aug. 8, 2018) (quoting Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001)). As such, the Defendant Elkins' Motion to Dismiss the Complaint is denied as moot. Further, as the Defendant Mountainview's Counterclaims incorporate the allegations from the Plaintiff's Complaint and its responses thereto, such Counterclaims are now "of no legal effect." Young, 238 F.3d at 573. Therefore, if Defendant Mountainview wishes to proceed on its Counterclaims, it may refile any such counterclaims following the filing of the Plaintiff's Amended Complaint in accordance with Rule 13 of the Federal Rules of Civil Procedure. Accordingly, the Plaintiff's Motion to Dismiss the Defendant Mountainview's Counterclaims is also denied as moot.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Amend Complaint [Doc. 52] is **GRANTED**. The Plaintiff is directed to file its Amended Complaint within seven (7) days of the entry of this Order and the Defendant Mountainview is directed to refile any counterclaims with deference to the Plaintiff's Amended Complaint in conjunction with its Answer thereto.

**IT IS FURTHER ORDERED** that the Defendant Michael E. Elkins' Motion to Dismiss [Doc. 47] and the Plaintiff's Motion to Dismiss [Doc. 54] are **DENIED AS MOOT.**

**IT IS SO ORDERED.**

Signed: August 6, 2019

Martin Reidinger
United States District Judge