# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00315-MR

| | |
|---|---|
| MC1 HEALTHCARE LLC, d/b/a MOUNTAINSIDE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MOUNTAINSIDE SOLUTIONS, INC., )<br>n/k/a MOUNTAINVIEW RECOVERY, )<br>INC., and MICHAEL E. ELKINS, )<br>)<br>Defendants. )<br>_____ ) | **PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, **IT IS HEREBY ORDERED** that the following confidentiality provisions will govern certain information, documents, and excerpts from documents supplied by the parties to each other in response to discovery requests in this action:

1. Counsel for any party or third party may designate any document or information contained in a document as "Confidential" if counsel determines that, in good faith, such designation is necessary to protect the interests of the client. Counsel for any party may designate any document or information contained in a document as "Confidential Attorney Eyes Only" if counsel determines, in good faith, that such document or information is

comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, or any other sensitive trade secret information. Confidential and Confidential Attorney Eyes Only documents and information does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY."

2. Unless otherwise ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the party and their representatives and counsel receiving such information solely for use in connection with the above-captioned action.

3. In the event a party challenges another party's "Confidential Information" or "Confidential Attorney Eyes Only" designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court.

Nothing in this Protective Order constitutes an admission by any party that Confidential Information or Confidential Attorney Eyes Only information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information and Confidential Attorney Eyes Only information disclosed, in accordance with applicable law.

4. Information or documents designated as "Confidential" shall not be disclosed to any person except:

    a. The requesting or receiving party and counsel;

    b. Supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services;

    c. Consultants or experts to the extent deemed necessary by counsel;

    d. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown Confidential Information, of which he/she is not already knowledgeable, during and in preparation for his/her testimony, after signing an agreement to be bound by this Order in the form

attached as Exhibit A, as specified in Paragraph 7 herein, and may not retain the Confidential information; and

e. The Court and the jury at trial or as exhibits to motions in compliance with the procedure for sealing documents referred to in Paragraph 8 herein as well as LCvR 6.1.

5. Information or documents designated as "Confidential Attorney Eyes Only" shall not be disclosed to any person except:

   a. outside counsel for the requesting or receiving party;

   b. supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services;

   c. Consultants or experts to the extent deemed necessary by counsel. For the purpose of this Paragraph 5(c), an independent expert or consultant may not be a current employee of a party or scheduled to become an employee of a party in the near future; and

   d. persons to whom counsel for the party designating agrees that the material may be disclosed; and

  e. the Court and the jury at trial or as exhibits to motions in compliance with the procedure for sealing documents referred to in Paragraph 8 herein as well as LCvR 6.1.

6. Prior to disclosing or displaying "Confidential" or "Confidential Attorney Eyes Only" documents or information to any person, counsel shall:

  a. Inform the person of the confidential nature of the information or documents; and

  b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

7. The Confidential or Confidential Attorney Eyes Only documents and information may be displayed to and discussed with only the persons identified in Paragraph 4(c), 4(d), 5(c), and 5(d) above and only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information or Confidential Attorney Eyes Only information may seek appropriate relief from this Court.

8. For purposes of Paragraphs 4(c), 4(d), 4(e), 5(c), 5(d), and 5(e), it is understood by the parties that any documents which become part of an official proceeding or which are filed with the Court are public documents, and that such documents and information can and will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such documents.

9. At the conclusion of litigation, the Confidential and Confidential Attorney Eyes Only documents and information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed.

10. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

**IT IS SO ORDERED.**

Signed: October 19, 2020

Martin Reidinger
Chief United States District Judge

# **Exhibit A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter captioned MC1 HEALTHCARE LLC, d/b/a MOUNTAINSIDE vs. MOUNTAINSIDE SOLUTIONS, INC. n/k/a MOUNTAINVIEW RECOVERY, INC., and MICHAEL E. ELKINS, have been designated as confidential. I have been informed that any such document or information labeled as "Confidential" or "Confidential Attorney Eyes Only" is subject to the Joint Proposed Protective Order entered by the Court, a copy of which has been provided to me. I certify that I have read and understand the Order and will abide by its provisions. Specifically, under penalty of contempt of Court, I hereby agree that I will not disclose any documents or information designated as "Confidential" or "Confidential Attorney Eyes Only" to any other person, and I further agree not to use any such information for any purpose other than my work associated with the above-referenced litigation.

DATED:_____

NAME:_____

SIGNED:_____

WITNESS (COUNSEL):_____