THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00315-MR

| | |
|---|---|
| MC1 HEALTHCARE LLC, d/b/a MOUNTAINSIDE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MOUNTAINSIDE SOLUTIONS, INC., )<br>n/k/a MOUNTAINVIEW RECOVERY, )<br>INC., and MICHAEL E. ELKINS, )<br>)<br>Defendants. )<br>_____ )<br>)<br>MOUNTAINSIDE SOLUTIONS, INC., )<br>n/k/a MOUNTAINVIEW RECOVERY, )<br>INC., )<br>)<br>Counterclaim-Plaintiff, )<br>)<br>vs. )<br>)<br>MC1 HEALTHCARE LLC, d/b/a )<br>MOUNTAINSIDE, )<br>)<br>Counterclaim-Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Compel Certain Discovery from Defendants [Doc. 92]. The Court held a hearing on this motion on April 20, 2021.

## I. BACKGROUND

The Plaintiff MC1 Healthcare LLC ("the Plaintiff") initiated this action against the Defendants Mountainside Solutions, Inc., now known as Mountainview Recovery, Inc. ("Mountainview Recovery"), and Michael E. Elkins ("Elkins" and collectively, "the Defendants") in August 2018 in the United States District Court for the Southern District of New York, asserting claims of trademark infringement, cybersquatting, unfair competition, and unfair and deceptive trade practices. [Doc. 1]. The Southern District of New York subsequently transferred the case to this Court. [Doc. 37].

Following the transfer of the matter, the Court granted the motion filed by the Defendants, through their local counsel, David E. Matney, III, for the *pro hac vice* admission of attorney Christian W. Liedtke. [Doc. 44]. Mr. Liedtke is lead counsel for the Defendants in this case.

In June 2020, the Court entered a Pretrial Order and Case Management Plan, establishing the following pretrial deadlines: discovery to be completed by February 1, 2021; mediation to be completed by February 15, 2021; and dispositive motions to be filed by March 1, 2021. [Doc. 85]. The case is currently scheduled for trial during the September 13, 2021 trial term. [Id.].

The Plaintiff served its first set of discovery requests on the Defendants on July 11, 2020, including first sets of requests for the production of documents to each of the Defendants and a first set of interrogatories directed to Mountainview Recovery. [See Docs. 93-1, 93-2, 93-3]. Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, the Defendants' responses to these discovery requests were due thirty (30) days later on August 10, 2020. Without requesting any extension of time with respect to the deadline of these discovery requests, the Defendants, through Mr. Liedtke, served their responses to the Plaintiff's discovery requests two weeks after the deadline, on August 24, 2020. [Docs. 93-4, 93-5, 93-6]. The Defendants' tardy responses to the Plaintiff's discovery requests included only objections and contained no substantive interrogatory responses or production of any documents. [See id.].

The parties subsequently agreed to and submitted a stipulated protective order to protect the production of confidential information and documents. [Doc. 89]. The Court entered the parties' stipulated protective order on October 19, 2020. [Doc. 91]. Nevertheless, the Defendants still did not produce any documents and did not supplement the interrogatory responses with any substantive responses. The Plaintiff's counsel attempted to meet and confer with the Defendants' counsel about the

3

insufficiency of their discovery responses without success. [Doc. 93-7, 93-8, 93-9, 93-10, 93-11].

On December 11, 2020, Plaintiff's counsel served on the Defendants' counsel two notices of deposition—a Rule 30(b)(6) Notice of Deposition of Mountainview Recovery and a Rule 30(b)(1) Notice of Deposition of Elkins— to occur on December 28 and 29, 2020. [Docs. 93-12, 93-13, 93-14]. Although Plaintiff's counsel made numerous requests to discuss the details of the notices, Defendants' counsel was unresponsive to the Plaintiffs' requests, and the Defendants failed to provide the required information about the individuals who would be presented to testify pursuant to the Rule 30(b)(6) deposition notice. [Docs. 93-15, 93-16, 93-17, 93-18, 93-19]. Accordingly, the depositions noticed for December 28 and 29, 2020, did not take place.

On January 8, 2021, the Plaintiff filed the present Motion to Compel, seeking an Order compelling the Defendants to provide substantive responses to the Plaintiff's First Set of Interrogatories; (2) compelling the Defendants to produce documents and things responsive to the Plaintiff's First Sets of Requests for Production of Documents: (3) compelling Mountainview Recovery to produce a witness for deposition pursuant to the Plaintiff's First Rule 30(b)(6) Deposition Notice; and (4) compelling Elkins to

4

appear for his deposition pursuant to Plaintiff's First Rule 30(b)(1) Deposition Notice. [Doc. 92]. Additionally, in light of the Defendants' outright refusal to participate in the discovery process in this case, the Plaintiff also seeks an order from the Court granting at least a three (3) month extension of the discovery period and mediation deadline in this case and an award of attorneys' fees and other permissible sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure. [Id.].

The Defendants did not file any response to the Plaintiff's Motion to Compel. The Court noticed the motion for hearing, specifically requiring all counsel of record to attend. [See Amended Notice entered Apr. 6, 2021]. The Motion came for hearing on April 20, 2021. The Plaintiff's counsel of record appeared; however, only Mr. Matney appeared on behalf of the Defendants. Mr. Liedtke failed to appear.

## II.   STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in

5

> resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010). The decision to grant or deny a motion to compel is generally an issue within the broad discretion of the trial court. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995).

## III. DISCUSSION

Having reviewed the Plaintiff's discovery requests, and the Defendants' objections thereto, the Court finds that the Plaintiff's requests seek discovery that is relevant to the claims and defenses in this matter and proportional to the needs of the case; that the Plaintiff's counsel attempted in good faith on multiple occasions to obtain the requested discovery from the Defendants without court action; and that the Defendants' objections to such requests were not substantially justified. Accordingly, the Court will

order the Defendants to provide substantive responses to the Plaintiff's First Set of Interrogatories and First Sets of Requests for Production of Documents **no later than the close of business on Monday, April 26, 2021**.

The Court further finds that the objections posed by the Defendants in response to these discovery requests are evasive and were not posed in good faith.  Therefore, any objections to the discovery requests are deemed to be waived.  Likewise, any privileges that the Defendants could assert to such requests—with the exception of the attorney-client privilege—are also deemed to be waived.  However, no document shall be withheld on the basis of the attorney-client privilege unless the Defendants timely submit a privilege log expressly describing "the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."  Fed. R. Civ. P. 26(b)(5)(A).  The failure to comply with the provisions of Rule 26(b)(5)(A) will likely result in the waiver of the attorney-client privilege. See Travelers Indemnity Co. v. Allied Tube & Conduit, Corp., No. 1:08cv548, 2010 WL 272579, at * 1 (W.D.N.C. Jan. 15, 2010) (Howell, Mag. J.); AVX Corp. v. Horry Land Co., Inc., No. 4:07cv3299, 2010 WL 4884903, at *4 (D.S.C. Nov. 24, 2010) ("Failure to

7

Case 1:18-cv-00315-MR    Document 97    Filed 04/21/21    Page 7 of 10

produce a timely or sufficient privilege log may constitute a forfeiture of any claims of privilege.").

The depositions that were noticed by the Plaintiff to take place in December 2020 shall take place **on or before May 14, 2021**, at the office of the Plaintiff's counsel and at a date and time as noticed by the Plaintiff. **No later than seven (7) days** prior to the scheduled depositions, counsel for the Defendants shall confer with Plaintiff's counsel regarding the details of these depositions and shall provide Plaintiff's counsel the required information about the individuals who will be presented to testify pursuant to the Rule 30(b)(6) deposition notice.

The Plaintiff's request for an extension of the mediation and dispositive motion deadlines is denied as premature at this time; however, the Plaintiff may renew its request upon the Defendants' compliance with the Court's Order.

When a motion to compel is granted, the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Court must not order payment, however, if: "(i) the movant filed the motion before attempting in good faith to

8

obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Id.

The Plaintiff has not yet submitted any information regarding the costs and fees that it incurred in bringing its Motion to Compel. The Court will direct the Plaintiff to file, **within seven (7) days from the entry of this Order**, the number of hours reasonably expended prosecuting the Motion to Compel, the hourly rate charged, and the prevailing market rate in the relevant community. See Robinson v. Equifax Information Servs., LLC, 560 F.3d 235, 243–244 (4th Cir. 2009). To provide the opportunity for hearing required by Rule 37(a), the Court will direct the Defendants to show cause in writing, within fourteen (14) days of the Plaintiff's filing, why the Court should not award the Plaintiff its costs and fees. The Defendants' filing shall be no greater than ten (10) pages.

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's Motion to Compel Certain Discovery from the Defendants [Doc. 92] is **GRANTED**, and the Defendants are hereby **DIRECTED** to provide full and complete responses to the Plaintiff's First Set of Interrogatories and the Plaintiff's First Sets of Requests for Production of Documents no later than the close of business on **Monday, April 26, 2021**.

9

Case 1:18-cv-00315-MR   Document 97   Filed 04/21/21   Page 9 of 10

(2) The depositions that were noticed by the Plaintiff to take place in December 2020 shall take place **on or before May 14, 2021**, at the office of the Plaintiff's counsel and at a date and time as noticed by the Plaintiff. **No later than seven (7) days** prior to the scheduled depositions, counsel for the Defendants shall confer with Plaintiff's counsel regarding the details of these depositions and shall provide Plaintiff's counsel the required information about the individuals who will be presented to testify pursuant to the Rule 30(b)(6) deposition notice.

(3) The Plaintiff's request for an extension of the mediation and dispositive motion deadlines is **DENIED AS PREMATURE**.

(4) The Plaintiff shall file, within **seven (7) days** from the entry of this Order, the number of hours reasonably expended in prosecuting the Motion to Compel, the hourly rate charged, and the prevailing market rate in the relevant community.

(5) The Defendants shall **SHOW CAUSE**, within **fourteen (14) days** of the Plaintiff's filing, why the Court should not award the Plaintiff its costs and fees.

**IT IS SO ORDERED.**

Signed: April 21, 2021

Martin Reidinger
Chief United States District Judge