IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00315-MR

| | |
|---|---|
| MC1 HEALTHCARE, LLC, d/b/a MOUNTAINSIDE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MOUNTAINSIDE SOLUTIONS, INC. )<br>n/k/a MOUNTAINVIEW RECOVERY, )<br>INC., and MICHAEL E. ELKINS, )<br>)<br>Defendants. )<br>_____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the "Plaintiff's Petition for Attorneys' Fees and Costs Related to Its Motion to Compel Discovery from Defendants." [Doc. 99].

## I. BACKGROUND

On January 8, 2021, the Plaintiff MC1 Healthcare LLC (the "Plaintiff") filed a Motion to Compel Discovery from the Defendants Mountainside Solutions, Inc., now known as Mountainview Recovery, Inc., and Michael E. Elkins (collectively the "Defendants"). [Doc. 92]. On April 20, 2021, the Court held a hearing on the Plaintiff's Motion to Compel. [Doc. 98 at 2]. Defendants' pro hoc vice attorney Christian W. Liedtke failed to appear. [Id.].

On April 21, 2021, the Court issued an Order granting the Plaintiff's Motion to Compel.[1] [Doc. 97]. The Plaintiffs were given seven days to file with the Court the number of hours reasonably expended in prosecuting the Motion to Compel, the hourly rate charged by the attorney, and the prevailing market rate in the relevant community. [Id. at 9]. The Defendants were given fourteen days after the Plaintiff's filing to show cause why the Court should not award the Plaintiff their costs and fees. [Id.].

On April 29, 2021, the Plaintiff filed the instant Motion for Attorneys' Fees and Costs Related to the Motion to Compel ("Motion for Attorneys' Fees"). [Doc. 99]. The Defendants did not respond.

## II.  DISCUSSION

"The starting point for establishing the proper amount of an award is the number of hours reasonably expended, multiplied by a reasonable hourly rate." Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 174 (4th Cir. 1994). The burden is on the fee applicant to justify the reasonableness of the requested fee. Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).

In exercising its discretion in the application of this lodestar method, the Court is guided by the following factors:

---

[1] The Court also ordered attorney Christian W. Liedtke to show cause as why his pro hoc vice admission should not be revoked. [Doc. 98]. Mr. Liedtke did not respond. On May 3, 2021, the Court revoked Mr. Liedtke's pro hoc vice admission. [Doc. 100].

2

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Grissom v. The Mills Corp., 549 F.3d 313, 321 (4th Cir. 2008) (quoting Spell v. McDaniel, 824 F.2d 1380, 1402 n.18 (4th Cir. 1987)). The Court will consider these factors even though the Defendants made no response to the amount of the attorneys' fees sought by the Plaintiffs. Collins v. Volz, No. 1:12-cv-0045-MR, 2013 WL 1829659, at *5 (W.D.N.C. May 1, 2013) (Reidinger, J.) (noting the court should consider the factors despite a party's failure to challenge calculation of attorneys' fees).

"Although the Court considers all of the factors, they need not be strictly applied in every case inasmuch as all of the factors are not always applicable." Firehouse Restaurant Group, Inc. v. Scurmont, LLC, No. 4:09-cv-00618-RBH, 2011 WL 4943889, at *12 (D.S.C. Oct. 17, 2011) (citing EEOC v. Service News Co., 898 F.2d 958, 965 (4th Cir. 1990)); see also Bergstrom v. Dalkon Shield Claimants Trust (In re A.H. Robins Co.), 86 F.3d

3

364, 376 (4th Cir. 1996) ("[T]he district court is under no obligation to go through the inquiry of those factors that do not fit.").

The Plaintiff argues that it is entitled to an award of attorneys' fees and costs incurred in the prosecution of its Motion to Compel. [Doc. 99 at 1]. The Plaintiff asserts that its attorney Richard M. McDermott incurred 39 hours at $300 per hour in the prosecution of the Motion to Compel. [Id. at 4; Doc. 99-1 at ¶ 8]. Additionally, the Plaintiff requests reimbursement of expenses in the amount of $139.55 based on the mileage charged by Mr. McDermott incurred in driving to and from the hearing on the Motion to Compel. [Doc. 99 a 4; Doc. 99-1 at ¶ 8]. As such, the Plaintiff requests a total of $11,839.55 in fees and costs. [Doc. 99 at 4].

### A. Attorneys' Fees

Under Federal Rule of Civil Procedure 37 if a court grants a motion compelling disclosure or discovery "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, . . . attorney advising that conduct, or both to pay the movants reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). This payment of fees should not be ordered, however, if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the

4

opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

In this case, the Court determined in the Order granting the Plaintiff's Motion to Compel that the Plaintiff's counsel attempted in good faith on multiple occasions to obtain the requested discovery from the Defendants without court action and "that the Defendants' objections to such requests were not substantially justified." [Doc. 97 at 6]. The Court gave the Defendants an opportunity to be heard by directing the Defendants to "show cause in writing, within fourteen (14) days of the Plaintiff's filing [of the Motion for Attorney's Fees], why the Court should not award the Plaintiff its costs and fees." [Id. at 9]. The Defendants, however, did not respond.

As such, an award of attorneys' fees is warranted in this case. Accordingly, the lone remaining question is whether the fees requested by the Plaintiff are reasonable. To make that determination, the Court applies the relevant factors laid out by the Fourth Circuit. See Grissom, 549 F.3d at 321.

### 1. Time and Labor Expended

The Plaintiff's attorney incurred 39 hours prosecuting this Motion to Compel. [Doc. 99 at 4]. That time was expended reviewing the Defendants'

5

discovery responses and attempting to discuss the Defendants' deficient responses and to schedule depositions, preparing and filing the Motion to Compel, preparing for and attending the hearing held by the Court on the Motion to Compel, and preparing the Plaintiff's petition for attorney's fees and costs. [Doc. 99 at 4-5]. The Court has carefully reviewed the Plaintiff's Attorney's Declaration (the "McDermott Declaration") detailing the tasks performed [Doc. 99-1] and finds that the time expended prosecuting the Motion to Compel was necessary and reasonable. As such, this factor weighs in favor of the requested fee.

### 2. Novelty and Difficulty of the Legal Issue

The legal issue involved in the Motion to Compel required the Plaintiff's attorney to establish that the Motion to Compel should be granted. The questions presented by the Motion to Compel were not particularly difficult or novel but rather a rather straight forward application of the Federal Rules of Civil Procedure. This factor, therefore, neither weighs in favor nor against the reasonableness of the requested fee award.

### 3. Skill Required to Properly Perform the Legal Services

The questions presented by this Motion to Compel should not have been particularly challenging for an experienced attorney. Nevertheless, the Defendants' unwillingness to respond to basic discovery requests in this

matter forced the Plaintiff's attorney to spend time and effort in prosecuting the Motion to Compel. As such, this factor neither weighs in favor nor against the reasonableness of the requested fee award.

### 4. Customary Fee for Similar Work

As the Fourth Circuit has recognized:

> Determination of the hourly rate will generally be the critical inquiry in setting the reasonable fee, and the burden rests with the fee applicant to establish the reasonableness of a requested rate. *In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award.* Although the determination of a market rate in the legal profession is inherently problematic, as wide variations in skill and reputation render the usual laws of supply and demand largely inapplicable, the Court has nonetheless emphasized that market rate should guide the fee inquiry.

Robinson v. Equifax Info. Svcs., LLC, 560 F.3d 235, 244 (4th Cir. 2009) (citing Plyler v. Evatt, 902 F.2d 273, 277 (4th Cir. 1990)) (emphasis in Robinson). In addition to consideration of specific evidence regarding the prevailing market rate, the Court may rely upon its own knowledge and experience of the relevant market in determining a reasonable rate. See Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 179 (4th Cir. 1994) ("[T]he community in which the court sits is the first place to look to in evaluating the prevailing market rate."). The Court may also consider

7

professional surveys, such as the Report of the Economic Survey of the American Intellectual Property Law Association ("AIPLA"), in determining the reasonableness of billing rates. See Mathis v. Spears, 857 F.2d 749, 755-56 (Fed. Cir. 1988).

The Plaintiff requests a rate of $300 per hour for Richard M. McDermott. [Doc. 99 at 4]. In support of that request, the Plaintiff submitted a declaration from another intellectual property attorney in the District ("Ladenheim Declaration") along with the McDermott Declaration. [Doc. 99-1 at 10; 99-2]. According to this declaration and the McDermott Declaration the rate of $300 an hour is consistent with or lower than rates charged by similarly qualified attorneys in North Carolina and in similar locations. [Doc. 99-2 at ¶ 11-13]. The Plaintiff also submitted the AIPLA's 2019 Report of the Economic Survey. [Doc. 56-2 at 28].

Upon review of the Ladenheim Declaration [Doc. 99-2], the McDermott Declaration [Doc. 99-1 at 2] and the 2019 AIPLA Survey [Doc. 56-2 at 28] submitted by the Plaintiff, the Court finds that the attorneys' fees the Plaintiff paid were well within the prevailing local market rate[2] for similar intellectual

---

[2] While the Plaintiff's declarations generally reference the rates of Charlotte attorneys, the Court has previously held that the rates for Charlotte attorneys are relevant when determining the prevailing market rate for actions in the Asheville Division. Textron Fin. Corp. v. Seven Falls Golf & River Club, LLC, No. 1:09CV312, 2011 WL 251115, at *9 (W.D.N.C. Jan. 25, 2011). The Court notes, however, that the prevailing rates in the Asheville Division tend to be lower than the Charlotte Division.

property litigation. Accordingly, the Court finds that this factor weighs in favor of the reasonableness of the requested fee.

### 5. Experience, Reputation, and Ability of Counsel

As discussed in the McDermott Declaration and the Ladenheim Declaration, Mr. McDermott is a capable attorney who focuses, exclusively or in large part, on intellectual property litigation. [Docs. 99-1 at ¶¶ 4-7; 99-2 ¶ 9]. As such, this factor weighs in favor of the reasonableness of the requested fee.

### 6. Relationship between the Attorneys and Clients

The Plaintiff's attorney began representing the Plaintiff in this case in October of 2019. [Doc. 99-1 at ¶ 8]. The granting of the Motion to Compel did not terminate this case so the Plaintiff and its attorney will likely continue to have a professional relationship until the conclusion of the case. As such, this factor neither weighs in favor nor against the reasonableness of the requested fee award.

### 7. Amount Involved and Results Obtained

As noted by the Supreme Court, "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" Farrar v. Hobby, 506 U.S. 103, 114 (1992) (quoting Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)). Here, the Plaintiff's Motion to Compel

was successful. As such, this factor weighs in favor of the reasonableness of the requested fee.

After consideration of all of the factors,[3] the Court concludes that the lodestar method results in a reasonable award. As such, the Court will award the Plaintiff $11,700 in attorneys' fees.

## B. Expenses

In addition to attorneys' fees, the Plaintiff seeks an award of $139.55 as reimbursement of expenses incurred in prosecuting the motion, based on Mr. McDermott driving to and from the hearing on the Motion to Compel. [Doc. 99 a 4; Doc. 99-1 at ¶ 8]. The Court finds these expenses to have been reasonably incurred and will order their reimbursement.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's request for attorneys' fees is **GRANTED**, and the Plaintiff shall have and recover $11,700 in attorneys' fees and $139.55 for the reimbursement of expenses from the Defendants.

**IT IS SO ORDERED.**

Signed: July 20, 2021

Martin Reidinger
Chief United States District Judge

---

[3] The Court has considered the other factors but found them not to be particularly pertinent in determining the attorneys' fees in this Motion to Compel.